UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN CASSADAY,

    Plaintiff,                                       Case No. 1:25-mc-50020

v.                                                 Honorable Thomas L. Ludington
                                                       United States District Judge

DOW CHEMICAL COMPANY.

    Defendant.
_____/

**OPINION AND ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH CIVIL RULE 3**

On January 7, 2025, Plaintiff Kevin Cassaday filed a *pro se* "Motion for Leave of Court, Motion for Judicial Review, Motion to Expedite, and Motion for In Forma Pauperis," opening the above-captioned miscellaneous case. ECF No. 1. The motion is difficult to decipher. Although unclear, it seems that Plaintiff initiated a workers' compensation claim against Defendant Dow Chemical Company in state court in 2013. *See* ECF No. 1-3 at PageID.23–25. In May 2021, the Michigan Court of Appeals ordered Plaintiff to pay a $500 fine for "abusive and indecent filings" and classified him as a vexatious litigator. *Id.* at PageID.18–20 (citing Michigan Court Rules 1.109(E) and 7.216(C)(3)). In July 2021, Plaintiff had not paid the fine, so the Michigan Court of Appeals directed the clerk of court to "reject without accepting any filings by, or on behalf of [Plaintiff] in any non-criminal matter until he has made the $500 payment. *Id.* at PageID.19.

Plaintiff's *pro se* Motion, filed in this federal court, seemingly seeks to improperly appeal the state court decision,[1] *see* ECF No.1-1 at PageID.13 (characterizing motion as an untimely

---

[1] "An unsuccessful state court litigant cannot directly appeal an adverse decision to the federal court. Rather, he must appeal through the state appellate process, and then seek discretionary

appeal), and separately argues the state is "blockad[ing] and hinder[ing] him" in violation of his federal rights and criminal law. *See id.* at PageID.10–11.[2]

One week after filing his murky motion, Plaintiff applied to proceed *in forma pauperis* (IFP). ECF No. 4. But Plaintiff has not filed a complaint. Thus, this Court cannot consider the merits of his "Motion" nor can it consider his application to proceed IFP. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."); *see also Rankin v. Brian Lavan & Assocs.*, PC, No. 23-CV-10966, 2023 WL 3467734, at *1 (E.D. Mich. May 15, 2023) ("In other words, Plaintiff cannot open a new civil case by filing a motion."); *Head v. U.S. Treasury Dep't*, No. 1:23-CV-01821 (UNA), 2023 WL 4824727, at *1 (D.D.C. July 25, 2023) ("In essence, plaintiff has attempted to open a civil matter without actually filing a complaint, which she may not do.") *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction[.]");

So Plaintiff's "Motion" will be denied, his application to proceed IFP will be denied as moot, and the above-captioned miscellaneous case will be closed. To the extent Plaintiff wishes to assert civil claims, he must file a complaint, as he has done *pro se* many times. *See, e.g.*, *Cassaday v. Pure Options*, No. 1:22-CV-532, 2022 WL 2663093 (W.D. Mich. July 11, 2022) (dismissing Plaintiff's *pro se* complaint for frivolity and failure to state a claim); *Cassaday v. Verizon Media*,

---

review in the Supreme Court." The *Jones v. Pennsylvania Dep't of Pub. Welfare*, No. CIV.A. 03-CV-3610, 2004 WL 1175808, at *2 (E.D. Pa. May 27, 2004) (citing 28 U.S.C. § 1257).

[2] Plaintiff avers this "blockade" "resulted in [his] criminal prosecution and incarceration." ECF No. 1-1 at PageID.10. Indeed, it appears that—separate from his state case against Defendant Dow, Plaintiff was convicted for threatening a federal judge. *See* Press Release, United States Attorney's Office for the Eastern District of Michigan, Lansing Man Convicted of Threatening Federal Judge, Sheriff, and Court Clerk (July 21, 2023) (available at https://www.justice.gov/usao-edmi/pr/lansing-man-convicted-threatening-federal-judge-sheriff-and-court-clerk) (noting Plaintiff threatened "kill" a federal judge and their family, and said he "want[ed] the clerk dead"); *see also Cassaday v. Pure Options*, No. 1:22-CV-532, 2022 WL 2663093, at *1 (W.D. Mich. July 11, 2022) (discussing another threat conviction).

No. 1:21-CV-716, 2021 WL 5967102 (W.D. Mich. Dec. 16, 2021) (same); *Cassaday v. Hawks*, No. 1:21-CV-719, 2021 WL 6063361 (W.D. Mich. Dec. 22, 2021) (same); *Cassaday v. AT&T Inc.*, No. 1:21-CV-715, 2021 WL 6063360 (W.D. Mich. Dec. 22, 2021); *Cassaday v. Trump*, No. 1:21-CV-710, 2021 WL 5002312 (W.D. Mich. Oct. 28, 2021) (same).

Accordingly, it is **ORDERED** that Plaintiff's Motion, ECF No. 1, is **DENIED** for failure to comply with Civil Rule 3.

Further, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 4, is **DENIED AS MOOT.**

Further, it is **ORDERED** that the above-captioned miscellaneous case is **CLOSED.**

**This is a final order and closes the above-captioned case.**

Dated: January 17, 2025                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge